# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ELAINE HERRERA,

        Plaintiff,

v.                                                                                           No. CV 19-140 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Elaine Herrera's *Motion to Reverse or Remand the Administrative Record*, (Doc. 16), filed July 3, 2019; Ms. Herrera's *Memorandum Brief in Support of Plaintiff's Motion to Reverse or Remand the Administrative Agency Decision* (the "Motion"), (Doc. 17), filed July 3, 2019; Defendant Commissioner Andrew Saul's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 22), filed October 30, 2019; and Ms. Herrera's *Reply to Defendant's Response to Plaintiff's Motion to Reverse/Remand* (the "Reply"), (Doc. 23), filed November 21, 2019.

Ms. Herrera filed applications for disability insurance benefits and supplemental security income on January 29, 2016. (Administrative Record "AR" 175). In her applications, Ms. Herrera alleged disability beginning April 30, 2015. (AR 192). Ms. Herrera claimed she was limited in her ability to work due to a back impairment, sciatica, and a hip impairment. (AR 195). Ms. Herrera's applications were denied initially on May 27, 2016, and upon reconsideration on August 29, 2016. (AR 100, 105).

At Ms. Herrera's request, (AR 108), a hearing was held on August 10, 2017,

before Administrative Law Judge ("ALJ") Michael Leppala, (AR 27). Ms. Herrera and Thomas Garner, an impartial vocational expert ("VE"), testified at the hearing and Ms. Herrera was represented by her attorney, Barbara Jarvis. (AR 27). On March 12, 2018, the ALJ issued his decision, finding Ms. Herrera not disabled at any time between her alleged onset date, April 30, 2015, through the date of his decision. (AR 17). Ms. Herrera requested review by the Appeals Council, (AR 22), which was denied, (AR 1-3), making the ALJ's opinion the Commissioner's final decision for purposes of this appeal.

Ms. Herrera, represented by her attorney Barbara Jarvis, argues in her Motion that the ALJ: (1) erred in evaluating the opinions of Ms. Herrera's treating physician, Gerhard Nyase, M.D., (Doc. 17 at 8-9); and (2) erroneously determined that Ms. Herrera could perform her past relevant work as a contract clerk, *id.* at 12-18. Ms. Herrera further argues she is entitled to an immediate award of benefits because remanding this matter for additional fact finding would serve no useful purpose. *Id.* at 19. The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ erred in analyzing the opinion of Ms. Herrera's treating physician, the Court finds that Ms. Herrera's Motion should be **GRANTED**, and this matter shall be **REMANDED** to the Commissioner for additional proceedings consistent with this opinion.

I. **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98

(10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which is generally the ALJ's decision, rather than the Appeals Council's denial of review. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from

being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.     Applicable Law and Sequential Evaluation Process**

For purposes of supplemental security income and disability insurance benefits, a claimant establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) (2015), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing: (1) he is not engaged in "substantial gainful activity;" (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the ALJ determines the claimant cannot engage in his past relevant work, the ALJ will proceed to step five of the evaluation process. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the

---

    1.     20 C.F.R. pt. 404, subpt. P, app. 1.

4

claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## III. Background

Ms. Herrera claimed she was limited in her ability to work due to a back impairment, sciatica, and a hip impairment. (AR 195). At step one, the ALJ determined that Ms. Herrera has not engaged in substantial gainful activity since April 30, 2015, the alleged disability onset date. (AR 12). At step two, the ALJ found Ms. Herrera has the severe impairment of lumbar degenerative disc disease. (AR 12-13). At step three, the ALJ determined that Ms. Herrera's impairment did not equal one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 13).

At step four, the ALJ found that Ms. Herrera has the RFC to perform light work and is capable of: occasionally lifting and/or carrying 20 pounds; frequently lifting and/or carrying ten pounds; sitting, and standing and/or walking for about six hours in an eight-hour workday, all with normal breaks; occasionally kneeling, crouching, and climbing ramps or stairs; never crawling, and never climbing ladders, ropes, or scaffolds; and she must avoid concentrated exposure to hazards. (AR 13).

In formulating Ms. Herrera's RFC, the ALJ stated that he considered Ms. Herrera's symptoms and the extent to which those symptoms can reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. § 404.1529 and Social Security Ruling ("SSR") 16-3p. (AR 14). The ALJ also stated that he considered opinion evidence consistent with the requirements of 20 C.F.R. § 404.1527. *Id.* The ALJ concluded that some of Ms. Herrera's impairments could be expected to cause her alleged symptoms, but he found that the intensity,

5

persistence, and limiting effects Ms. Herrera described were not entirely consistent with the evidence in the record. *Id.*

In evaluating the medical evidence in the record, the ALJ stated that he gave "little weight" to the opinions of Michael Molizza, M.D., Walter Bell, M.D., and consultative examiner Tatyana Guerrero, M.D. (AR 15-16). In addition, the ALJ gave the opinion of Ms. Herrera's treating physician, Dr. Nyase, "limited weight," because he found it was inconsistent with Ms. Herrera's treatment records and Dr. Nyase "relied too heavily on [Ms. Herrera]'s self-reported symptoms." (AR 16). Finally, the ALJ gave the opinion of Dorothy Leong, M.D., and Dr. Bell's second opinion, "great weight." *Id.* In reaching this conclusion, the ALJ reasoned that both Dr. Bell and Dr. Leong's opinions were consistent with the "longitudinal overview of the evidence," their conclusions were "well-explained," and they are "familiar with Social Security disability standards." *Id.*

After examining Ms. Herrera's medical records and treatment notes, the ALJ found that Ms. Herrera is able to perform her past relevant work as a contract clerk. (AR 16). In reaching this conclusion, the ALJ relied on the testimony of the VE, who explained that an individual with Ms. Herrera's RFC could perform the job of a contract clerk "as it is generally performed in the national economy." *Id.* After finding that Ms. Herrera was capable of performing her past relevant work, the ALJ concluded she is "not disabled," as defined by 20 C.F.R. § 404.1520(f), and ended his analysis at step four. (AR 16-17).

**IV.  Analysis**

Ms. Herrera presents two arguments in her Motion before the Court. First, Ms. Herrera contends the ALJ erred in not affording Dr. Nyase's opinion controlling weight.

(Doc. 17 at 8-11). Second, Ms. Herrera contends the ALJ's conclusion that she could perform her past relevant work as a contract clerk is not supported by either her RFC or the mental and physical demands necessary to adequately perform the job. *Id.* at 12-18. As a result of these errors, Ms. Herrera argues she is entitled to an immediate award of benefits because she is "disabled as a matter of law." *Id.* at 18-19.

In response, the Commissioner argues the ALJ "reasonably rejected" the opinion of Ms. Herrera's treating physician, Dr. Nyase. (Doc. 22 at 5-6). Next, the Commissioner contends the ALJ's RFC analysis adequately encompasses Ms. Herrera's RFC and the limitations that were reasonably supported. *Id.* at 8-9. The Commissioner does not address Ms. Herrera's argument that she is entitled to an outright reversal for an immediate award of benefits. *See generally* (Doc. 22). Rather, the Commissioner argues the ALJ's decision is overwhelmingly supported by the record and therefore "should not be disturbed" upon judicial review. *Id.* at 7.

*A. The ALJ's Consideration of the Treating Physician's Opinion*

Although it is not required that an ALJ discuss every piece of evidence, he is required to discuss, at a minimum, the weight assigned to each medical source opinion. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Of course, it is not necessary for an ALJ to delineate the direct correspondence between an RFC finding and a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). However, an ALJ cannot "pick and choose" through a medical opinion, taking only the parts that are favorable to a finding of nondisability. *See id.* at 1292 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). Ultimately, the ALJ is required to weigh the medical

7

source reports and provide "appropriate explanations" for accepting or rejecting the opinions. SSR 96-5p, 1996 WL 374183, at *5.

To aid in the ALJ's analysis, the Regulations set forth the following factors that should be considered when assessing the value of each medical opinion:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

20 C.F.R. §§ 404.1527(c), 416.927(c); *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (the "§ 404.1527 factors"). While not every factor will be applicable in every case, the ALJ must at least explain his decision in a manner that is "sufficiently specific to [be] clear to any subsequent reviewers." *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (citation omitted); *see also Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

In addition, the medical opinion of a treating physician is generally entitled to more weight than other sources, given the physician's treatment relationship with the claimant. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Watkins*, 350 F.3d at 1300. Accordingly, an ALJ must follow a particular, two-step analysis when evaluating and weighing opinions from treating sources. *Watkins*, 350 F.3d at 1300-01. First, the ALJ must decide whether the treating source's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). If the answer to the first inquiry is in the affirmative, the ALJ then determines whether the physician's opinion is "not inconsistent with the other

substantial evidence" in the record. *Id.* In cases where both criteria are satisfied, the treating source's opinion is entitled to controlling weight. *Id.*

Even if a treating source's opinion is not entitled to controlling weight, it should still receive deference. SSR 96-2P, 1996 WL 374188, at *4. In deciding how much weight to give the opinion, the ALJ should consider the 20 C.F.R. §§ 404.1527, 416.927 factors. *Krauser v. Astrue*, 638 F.3d 1324, 1331 (10th Cir. 2011). The ALJ must "make clear how much weight the [treating source's] opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified . . . for the weight assigned." *Id.* (citing *Watkins*, 350 F.3d at 1300-01); SSR 96-2p, 1996 WL 374188 at *5. Moreover, in rejecting a treating source's opinion, the ALJ "may not make speculative inferences from medical reports" and may not reject the opinion based on his own credibility judgments, speculation, or lay opinion. *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002).

*1. Dr. Nyase's Medical Opinion*

Ms. Herrera first argues the ALJ failed to properly apply the law when he evaluated Dr. Nyase's medical opinion. (Doc. 17 at 8-9). Specifically, Ms. Herrera alleges that because Dr. Nyase's opinion is "well-supported by medically accepted clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record," his opinion should have been afforded controlling weight. *Id.* (citing 20 C.F.R. § 404.1527). In response, the Commissioner argues Dr. Nyase's opinion is "extreme" and the ALJ's decision to afford his opinion limited weight should "not be disturbed." (Doc. 22 at 7). In support of this argument, the Commissioner posits that the ALJ supported his conclusion that Ms. Herrera could

perform light work with substantial evidence from the record. *Id.* at 7-8. As a result, the Commissioner contends the ALJ's decision should be affirmed on judicial review. *Id.*

On October 18, 2016, Dr. Nyase completed a "Physician's Questionnaire" to asses Ms. Herrera's current condition and impairments. (AR 573). Dr. Nyase explained that he has treated Ms. Herrera since February 21, 2014, but her medical condition has been "severe" since 2012. (AR 574, 578). In pertinent part, Dr. Nyase diagnosed Ms. Herrera with lumbar degenerative disc disease. (AR 574). After dictating Ms. Herrera's current physical health and treatment prognosis, Dr. Nyase detailed her limitations. (AR 575). Dr. Nyase opined that Ms. Herrera must rest for fifteen minutes every hour, and can only work for 2-4 hours per day, or 10-20 hours per week. *Id.* In addition, Dr. Nyase opined that Ms. Herrera can only: sit for one hour at a time; stand and walk for less than one hour at a time; sit for four hours in an eight-hour workday; and stand and/or walk for two hours in an eight-hour workday. (AR 576).

Dr. Nyase also opined that Ms. Herrera can: lift up to ten pounds occasionally but never more than 11 pounds; carry up to five pounds occasionally but never more than six pounds; perform repetitive simple grasping "less than occasionally" with her right hand and "occasionally" with her left hand; perform repetitive "fine manipulation" less than occasionally with her right hand and occasionally with her left hand; never perform repetitive pushing and pulling of leg controls with either of her feet; occasionally bend, crawl, and reach; never squat or climb; never be exposed to heights; move around machinery and drive automotive equipment with moderate restrictions; and be exposed to marked changes in temperature and humidity, dust, fumes, and gases, with mild

restrictions. (AR 576-77). Dr. Nyase explained that Ms. Herrera's limitations are "lifelong," unless she can have lumbar surgery to remedy her ailments. (AR 577).

### 2. The ALJ's Analysis

The ALJ conducted the following analysis regarding Dr. Nyase's opinion:

> The opinion of Gerhard Nyase, M.D., a treatment provider, is given limited weight. Dr. Nyase opined that the Claimant has significant limitations that [*sic*] including being able to sit for an hour at [*sic*] time and stand or walk for less than an hour (Exhibit 11F/4). The opinions of Dr. Nyase [*sic*] is not consistent with the Claimant's treatment records that show the pain is controlled with treatment and he appears to have relied too heavily on the Claimant's self-reported symptoms (Exhibits 7F, 12F/4).

(AR 16) In short, the ALJ gave Dr. Nyase's opinion "limited weight" for two principle reasons: (1) his opinion is inconsistent with Ms. Herrera's treatment records; and (2) he relies too heavily on her self-reported symptoms. *Id.* In support of this conclusion, the ALJ cited two of Ms. Herrera's treatment records, including treatment notes from Dr. Nyase dated June 30, 2016, and Ms. Herrera's physical therapy records. *Id.* (citing Exhibits 7F, 12F/4).

In Dr. Nyase's June 30, 2016, treatment notes, he assessed Ms. Herrera to have the following ailments: hyperlipidemia, lumbar degenerative disc disease, degenerative arthritis of the lumbar spine, and insomnia. (AR 549). Dr. Nyase opined that Ms. Herrera's conditions were currently under control. (AR 550-51). The purpose of Ms. Herrera's visit with Dr. Nyase was to follow up with medication treatment and to assess whether she should continue with her prescribed course of medications. (AR 550). Dr. Nyase concluded that Ms. Herrera's ailments were under control in light of her medication use, pain management treatment, and her regular lumbar epidural injections. *Id.*

11

In Ms. Herrera's PT First Physical Therapy, LLC., treatment records, Angelo Pompeo, PT, DPT, noted that Ms. Herrera has suffered from pain of fluctuating intensity for the past four years. (AR 580). Dr. Pompeo further noted that Ms. Herrera's pain is aggravated by sitting, standing, and bending. *Id.*; *see also* (AR 585) ("Limited with prolonged sitting/standing. Painful/limited with bending. Not able to lift more than light objects."). In addition, Dr. Pompeo found Ms. Herrera suffers from "minimal trunk rotation," and "lacks normal hip extension." (AR 582). Dr. Pompeo's notes dictate Ms. Herrera's treatment prognoses over the course of multiple visits in 2016. *See* (AR 579-93).

Notwithstanding whether the ALJ's citation to these two treatment records renders his analysis "sufficiently specific to be clear to any subsequent reviewers," his analysis is incomplete. *See Langley*, 373 F.3d at 1119. Indeed, the ALJ was required to apply the two-step treating physician rule to Dr. Nyase's opinion. This requires, first, that the ALJ determine whether Dr. Nyase's opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and, second, whether it was "consistent with the record as a whole." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

If the ALJ concludes that neither of these criteria are met, as the ALJ concluded here, the physician's opinion is not entitled to controlling weight. *Id.* However, once the ALJ reaches this conclusion, the analysis is not over. Rather, the ALJ must then determine how much weight to give the opinion, utilizing the relevant factors outlined in 20 C.F.R. §§ 404.1527, 416.927. *See Krauser*, 638 F.3d at 1331. This requires the ALJ to "give good reasons" that are supported by the relevant factors, for the weight he ultimately assigns the opinion. It is at this juncture where the ALJ erred.

While the ALJ's reasoning, if supported by substantial evidence, may explain why Dr. Nyase's opinion was not entitled to controlling weight, it fails to explain why the designation of "limited weight" is appropriate. The Court cannot accept the ALJ's cursory and dismissive findings as sufficient, especially in light of the deference that must be afforded to treating physician opinions. In sum, the ALJ failed to complete the necessary analysis of Dr. Nyase's opinion, and his mistake constitutes reversible error. *See Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("[I]f the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."). On remand, the ALJ must either find that Dr. Nyase's opinion is entitled to controlling weight or he must "give good reasons" founded in evidentiary support for his decision to afford the opinion lesser weight. As such, this matter shall be remanded for the ALJ to complete a thorough analysis of Dr. Nyase's opinion.

*B. Request for Immediate Award of Benefits*

Ms. Herrera requests the Court reverse the decision of the Commissioner and remand the case for an immediate award of benefits. (Doc. 17 at 19). The decision of whether to remand a case for additional fact-finding or for an immediate award of benefits is within the discretion of the district court. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). To make this decision, the Court considers the length of time the matter has been pending and whether additional fact-finding would serve any useful purpose or merely delay the receipt of benefits. *See Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006).

Here, the Court notes Ms. Herrera's applications for Social Security benefits have been pending since January 2016. (AR 175). However, the Court finds that proper

13

evaluation of Dr. Nyase's opinion is needed. At this junction, it is not clear that Ms. Herrera would necessarily be disabled if the ALJ conducted the proper analysis regarding Dr. Nysae's opinion. Under these circumstances, the Court will take heed not to assume the role of fact-finder and substitute its judgment for that of the Commissioner. *See Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will therefore not remand for an immediate award of benefits.

## V.     Conclusion

For the foregoing reasons, the Court finds the ALJ erred in analyzing the opinion of Ms. Herrera's treating physician. As a result, the Court will not address Ms. Herrera's remaining arguments for remand.

**IT IS THEREFORE ORDERED** that Ms. Herrera's *Motion to Reverse or Remand the Administrative Record*, (Doc. 16), is **GRANTED** and this case shall be **REMANDED** to the Commissioner for additional proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE