**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ELAINE HERRERA,

        Plaintiff,

v.                                       No. CV 19-140 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

**ORDER GRANTING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**

    **THIS MATTER** is before the Court on Plaintiff Elaine Herrera's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum* (the "Motion"), (Doc. 29), and Ms. Herrera's *Memorandum in Support of Motion for Order Authorizing Attorney's Fees Pursuant to 42 U.S.C §406(B)* (the "Memorandum"), (Doc. 30), filed January 11, 2021; Defendant Andrew Saul's *Response to Plaintiff's Motion for 406(B) Fees* (the "Response"), (Doc. 31), filed January 22, 2021; and Plaintiff's *Reply to Defendant's Response to Plaintiff's Motion for 406(B) Fees* (the "Reply"), (Doc. 32), filed February 3, 2021.

    In her Motion, Ms. Elaine Herrera's counsel, Barbara Jarvis, petitions the Court for an order authorizing attorney fees in the amount of $20,000.00 for legal services rendered before this Court. (Doc. 29 at 1). The Court, having reviewed the parties' briefing and the relevant law, finds Ms. Elaine Herrera's Motion is well-taken and shall be **GRANTED**.

**I.    Procedural Background**

    Ms. Herrera instituted an action in this Court on February 20, 2019, seeking

judicial review of the Commissioner's denial of her application for disability insurance benefits and supplemental security income. (Doc. 1); (Doc. 17 at 1). On December 4, 2019, the Court granted Ms. Herrera's request for relief, and remanded the case to the Commissioner for further proceedings. (Doc. 25). On February 3, 2020, the Court awarded Ms. Herrera attorney fees in the amount of $4,430.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 28).

On October 17, 2020, upon remand, the Commissioner determined Ms. Herrera was disabled, entered a fully favorable decision, and awarded her past-due benefits in the amount of $83,296.00. (Doc. 30 at 2-3); *see also* (Doc. 30-2 at 1). The Commissioner notified Ms. Herrera that the Social Security Administration had withheld $20,824.00 from her total benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(b), which constitutes twenty-five percent of total backpay benefits. (Doc. 30-2 at 2).

Ms. Herrera's counsel now seeks an award of $20,000.00, approximately twenty-four percent of the total past-due benefits awarded to Ms. Herrera. (Doc. 29); (Doc. 30 at 1-2). Her counsel explains that Ms. Herrera will also receive "as a refund" the $4,030.00 in EAJA fees previously awarded by this Court. (Doc. 29 at 2). Although the Commissioner does not take a position on the award of attorney fees, he notes that Ms. Herrera's counsel "is effectively requesting fees at the rate of $800.00 per hour." (Doc. 31 at 2). Ms. Herrera's counsel disputes the Commissioner's characterization of her hourly rate, contending that her hourly rate is $640.00 once the EAJA fees are refunded to Mr. Herrera. (Doc. 32 at 1).

## II.  Analysis

The issue before the Court is whether counsel's requested fee of $20,000.00 is reasonable, as mandated by the controlling statute. When reviewing counsel's request for

2

attorney fees under § 406(b), the Court must act as an "independent check" to ensure the requested fee is reasonable, even if the Commissioner offers no objection. Although § 406(b) does not prohibit contingency fee agreements, it renders them unenforceable to the extent they provide for fees exceeding twenty-five percent of the past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, there is no presumption that a twenty-five percent fee is reasonable. *Id.* at 807, n.17. It is counsel's burden to demonstrate the reasonableness of his or her requested fee. *Id.* at 807.

Specifically, when a court renders a judgment favorable to a Social Security claimant who was represented before the court by an attorney, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A); *see also McGraw v. Barnhart,* 450 F.3d 493, 495-96 (10th Cir. 2006). Unlike EAJA fees, which are paid in addition to past-due benefits, § 406(b) fees are paid out of the past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933-34 (10th Cir. 2008). If fees are awarded under both EAJA and § 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934.

The reasonableness determination is "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id.* A court may require the claimant's attorney to submit a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing rate for non-

contingency fee cases. *Id.*

Here, counsel obtained a fully favorable decision for Ms. Herrera upon remand. (Doc. 30 at 2-3); (Doc. 30-2 at 1). The requested fee for services performed in connection with this case, $20,000.00, represents twenty-four percent of Mr. Herrera's backpay benefits, which falls within the twenty-five percent limit imposed by § 406(b). Further, counsel spent twenty-five hours representing Ms. Herrera before this Court, which falls within the district's range. (Doc. 30-3); *see e.g., Perrault v. Saul*, Civ. 1:18-cv-467 CG, 2020 WL 1514666 (D.N.M. Mar. 30, 2020) (finding 37.6 hours reasonable); *Bigsby v. Colvin*, 1:12-cv-1207 CG (Doc. 31) (finding 37.33 hours reasonable); *Arellanes v. Colvin*, 1:12-cv-1178 KBM (Doc. 32) (finding 36.76 hours reasonable); *Dimas v. Astrue*, 1:3-cv-1157 RHS (Doc. 34) (finding 38.26 hours reasonable).

As the Commissioner rightly notes, counsel's requested fee of $20,000.00 for twenty-five hours of work amounts to an hourly rate of $800.00. *See* (Doc. 31 at 2). Counsel's argument otherwise—that her hourly rate is effectively $640.00—is incorrect and misunderstands how §406(b) fees are paid. *See Wrenn ex rel. Wrenn*, 525 F.3d at 934 (holding that "EAJA fees are awarded to the prevailing party in addition to and separate from fees awarded for representation before the court under 42 U.S.C. § 406(b)(1)(A)"); *see also Gisbrecht*, 535 U.S. at 796. In other words, the $20,000.00 counsel seeks in § 406(b) fees will not be reduced by the $4,030.00 that this Court previously awarded Ms. Herrera in EAJA fees. *See* (Doc. 32 at 1). After all, the purpose of refunding the lesser award is "[t]o prevent double payment of fees for the same work." *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986). Thus, the Court finds that counsel seeks an hourly rate of $800.00.

Turning to the reasonableness of her hourly rate, $800.00 is on the higher end of

this District's average. *See*, *e.g.*, *Molina v. Saul*, 1:17-cv-1151 KRS, 2020 WL 7183569 (D.N.M. Dec. 7, 2020) (hourly rate of $294.12); *Reid v. Saul*, 1:16-cv-1104 SMV, 2020 WL 1049747 (D.N.M. Mar. 3, 2020) (hourly rate of $425.44). However, as counsel suggests, courts may award higher hourly rates to attorneys with greater experience. In two recent §406(b) cases in this District, for instance, the Court awarded an hourly rate of $1,073.68 to an attorney with 30 years of experience, and $722.56 to an attorney with 38 years of experience. *See Kelley v. Saul*, 1:16-cv-618 GJF, 2020 WL 3893055 (D.N.M. July 10, 2020) (hourly rate of $1,073.68); *Stotts v. Saul*, 1:17-cv-416 GJF, 2019 WL 4600163 (D.N.M. Sept. 23, 2019) (hourly rate of $722.56).

Here, Ms. Herrera's counsel's experience includes "30 years as an attorney in Social Security cases in addition to 16 years performing psychological and vocation evaluations." (Doc. 30 at 3). Given her years of experience, as she contends, it likely took her fewer hours of work to successfully represent Ms. Herrera than it would have taken a less experienced attorney, which reasonably resulted in a higher rate for fewer hours. *Id.* Further, Ms. Herrera's counsel represented Ms. Herrera from 2016 through 2020, and won Ms. Herrera an award of $83,296.00 in back benefits, with continuing monthly benefits of $1,634.00. *Id.* at 4. Based on Ms. Herrera's counsel's many years of experience in Social Security cases, her years of involvement in this particular case, and the success of her representation, the Court finds it reasonable to award $800 per hour in this case. This results in an attorney fee award of $20,000, which amounts to approximately 24% of the total benefits awarded to Ms. Herrera.

In conclusion, the Court finds each component of counsel's requested fee award is reasonable. The requested award is within the district average and is based on the successful representation of Ms. Herrera. Moreover, both the hourly rate and the time

spent litigating this case are consistent with similar awards approved in this district. As a result, having conducted an "independent check" on counsel's fee petition, the Court finds counsel's requested fee award should be approved.

## III.    Conclusion

**IT IS THEREFORE ORDERED** that Ms. Herrera's *Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. 406(B) and Supporting Memorandum*, (Doc. 29), shall be **GRANTED**. Ms. Herrera's counsel is awarded $20,000 for legal services performed before this Court, to be paid from Ms. Herrera's past-due benefits previously withheld by the Commissioner. *See* (Doc. 30-2 at 2) (explaining the Commissioner withheld $20,824.00 from Ms. Herrera's award of past-due benefits to cover attorney fees). Counsel is further directed to refund the EAJA fee award of $4,430.00 from the instant award to Ms. Herrera, notwithstanding any mandatory deductions. *See* 31 U.S.C. § 3716(c)(3)(B) (2006); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE